UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, an individual,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>COUNTY OF EL DORADO, an unincorporated California county; and DOES 1 through 10, inclusive,<br><br>　　　　　　　Defendants. | No.  2:13-CV-01433-KJM-KJN<br><br><br>ORDER |

　　　　　　Defendant seeks reconsideration of this court's August 16, 2013 grant of plaintiff's motion seeking leave to proceed under a pseudonym. ECF No. 14. The court held a hearing on the matter on October 11, 2013 with Janice Bellucci appearing for plaintiff and Andrew Caulfield appearing for defendant.

　　　　　　Defendant argues reconsideration is proper on two bases: (1) procedurally, the court committed clear error in denying defendant the opportunity to be heard before ruling on the motion; and (2) substantively, the court failed to perform the proper analysis as dictated by Ninth Circuit authority. Finding it was indeed error to deny defendant the opportunity to be heard, the court GRANTS defendant's motion for reconsideration. The issue now having been fully briefed by both parties, the court proceeds to consider anew the merits of plaintiff's

1

motion. However, after balancing the relevant factors, the court GRANTS plaintiff's motion seeking leave to proceed under a pseudonym, ECF No. 11.

I. MOTION FOR RECONSIDERATION

District courts "possess[] the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (citations and internal quotation marks omitted). A motion for reconsideration, however, "should not be granted, absent highly unusual circumstances, unless the district court[, *inter alia*,] . . . committed clear error . . . ." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citing *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)). Clear error occurs where "'the reviewing court . . . is left with the definite and firm conviction that a mistake has been committed.'" *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Here, defendant argues the court committed clear error in deciding the motion, which was not filed *ex parte*, without giving defendant the opportunity to oppose. It is axiomatic that "our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 438–39 (1974). Even in the case of a properly filed *ex parte* motion, it is to be granted in only "very few circumstances," *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1129 (9th Cir. 2006), subject to "stringent restrictions," *Granny Goose Foods, Inc.*, 415 U.S. at 438–39. Similarly, as defendant correctly notes, *sua sponte* decisions require that "the parties [have] adequate opportunity to examine and contest . . . [the issue], and the district court [have] the opportunity to make a full review of the . . . conflicting arguments of the parties . . . ." *Hawkins v. Risley*, 984 F.2d 321, 324 (9th Cir. 1993). Having ruled on the motion after hearing only plaintiff's arguments, the court is now "left with the definite and firm conviction that a mistake was committed." *Anderson*, 470 U.S. at 573. Thus, the court grants plaintiff's motion to reconsider.

/////

## II. MOTION SEEKING LEAVE TO PROCEED UNDER A PSEUDONYM

### A. Balancing of Factors

Federal Rule of Civil Procedure 10 requires a complaint to "name all the parties." FED. R. CIV. P. 10(a). This rule reflects "the paramount importance of open courts" such that the "default presumption is that plaintiffs will use their true names." *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1046 (9th Cir. 2010). Only "'in an unusual case,'" where "'necessary to protect a person from injury or harassment,'" are pseudonyms permitted. *United States v. Stoterau*, 524 F.3d 988, 1012 (9th Cir. 2008) (quoting *United States v. Doe*, 488 F.3d 1154, 1156 n.1 (9th Cir. 2007)). The determination of necessity is "a district court's discretionary decision," but the court must balance "the [moving] party's need for anonymity . . . [against] prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000).

In its motion, defendant insists the court "must balance five factors: '(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, . . . (3) the anonymous party's vulnerability to such retaliation,' (4) the prejudice to the opposing party, and (5) the public interest." *Kamehameha*, 596 F.3d at 1042 (quoting *Advanced Textile*, 214 F.3d at 1068). However, the five-factor formulation applies only "in cases where . . . pseudonyms are used to shield the anonymous party from retaliation." *Advanced Textile*, 214 F.3d at 1068; *see also Stoterau*, 523 F.3d at 1012–13 (describing *Advanced Textile*'s additional factors as applicable to retaliation claims specifically); *Dep't of Fair Emp't & Hous. v. Law Sch. Admission Council, Inc.*, No. C-12-1830 EMC, 2012 WL 3583023, at *2–3 (N.D. Cal. Aug. 20, 2012) (omitting additional factors from analysis where feared harm was not retaliatory).

Further, relevant authority suggests a nexus must exist between the feared retaliation and the suit in which a party seeks the cloak of anonymity for all five factors to apply. *See Advanced Textile*, 214 F.3d at 1068; *Kamehameha*, 596 F.3d at 1042. In *Advanced Textile*, which first articulated the five factors, the court applied the test where the plaintiffs,

foreign garment workers, feared retaliation from the defendant-employer as a result of the workers' Fair Labor Standards Act action.  214 F.3d at 1068.  Similarly in *Kamehameha*, the court applied the five-factor test where plaintiffs feared retaliation because of their suit. 596 F.3d at 1042.  There, school children, through parents and next friends, sued private schools and trustees, challenging their race-based admission policy giving preference to native Hawaiians.  After the suit was filed, third parties threatened violence against both the plaintiffs and their counsel.  As in *Advanced Textile*, there was a direct causal link between the suit and the threatened retaliation.

Here, granting the motion might have the effect of "shield[ing] the anonymous party from retaliation" to a degree.  *Advanced Textile*, 214 F.3d at 1068.  Without a pseudonym assigned to plaintiff, this suit could increase the likelihood of retaliation because any attendant publicity would alert additional people to plaintiff's status as a convicted sex offender.  As defendant correctly notes, however, plaintiff's name is already on a public registry of sex offenders, so a pseudonym would not shield him from all retaliation.  But the underlying cause of any retaliation plaintiff fears is his status as a convicted sex offender, not the instant suit. Thus, the five-factor framework does not apply.

Plaintiff, citing a panoply of circuit and district court decisions from outside the Ninth Circuit, argues a ten-factor test is properly applied here.  In *Advanced Textile*, however, the Ninth Circuit "set[s] out the legal standard governing a district court's discretionary decision to permit a party to proceed anonymously."  214 F.3d at 1068.  This court is bound by that decision, which calls for balancing (1) plaintiff's need for anonymity; (2) prejudice to defendant; and (3) the public interest.  *Id.* at 1068.

1. Moving Party's Need for Anonymity

The first factor the court must weigh is the necessity of anonymity to protect the moving party from "injury or harassment."  *Stoterau*, 524 F.3d at 1012; *see also Advanced Textile*, 214 F.3d at 1068.  "Physical harm presents the paradigmatic case for allowing anonymity," such that plaintiffs who receive "severe threats" need not "'prove that they face[] a danger of physical injury.'"  *Kamehameha*, 596 F.3d at 1043–44, (quoting *Advanced Textile*,

4

214 F.3d at 1071). Additionally, the feared harm must be considered in light of the "surrounding context." *Id.* at 1044.

Here, plaintiff argues a pseudonym is necessary to protect him from both injury and harassment because he has "established that he is likely to be significantly harmed" if identified in this case. Pl.'s Opp'n to Def.'s Mot. for Recons. at 7, ECF No. 21. To substantiate his assertion, he proffers declarations from himself, his attorney who has previous experience working with convicted sex offenders, and Charlene Steen, an academic who studies sex offenders. All attest to the possibility of physical harm. Pl.'s Decl. ¶¶ 8, 14, ECF No. 8-1; Bellucci Decl. ¶ 2, ECF No. 11-1; Steen Decl. ¶¶ 8–23, ECF No. 22.

Plaintiff lives in Meyers, California, which is a small town. Plaintiff's declaration alludes to past incidents of "threats and harassment," including "employment and social discrimination," but provides no specific examples, except to identify the loss of his former business. Pl.'s Decl. ¶¶ 8–9, 14. Even with regard to the loss of his business, he provides no details as to how this occurred, stating only that it was "due to public shaming." *Id.* ¶ 9. Likewise, his attorney's declaration states simply that Doe "faces threats of physical harm" without giving grounds for such a belief. Bellucci Decl. ¶ 2.

Steen's declaration, however, cites several specific examples of violence against registered sex offenders.[1] Steen Decl. ¶¶ 8–23. She describes thirteen instances of physical attacks or murders, including six in California and three in 2013. *Id.* ¶¶ 11–23. This number is a small subset of the 81,374 individuals identified on the website created as a result of California's law governing sex offenders, known as Megan's Law. Cal. Dep't of Justice, *California Sex Registrant Statistics*, MEGAN'S LAW HOME (consulted on Nov. 13, 2013 at 10:00 a.m.). Moreover, the incidents Steen cites in her declaration do not relate to plaintiff directly or to other sex offenders who participated in actions challenging local ordinances regulating sex offenders. Rather, the likelihood of harm she documents relates to convicted sex offenders as a

---

[1] Defendant's objections to Steen's declaration are overruled as they go to weight and not admissibility.

5

class. As defendant correctly notes, *Stoterau* held that "mere membership in a class of offenders" is insufficient to establish the requisite necessity:

> If the nature of Stoterau's offense alone could qualify him for the use of a pseudonym, there would be no principled basis for denying pseudonymity to any defendant convicted of a similar sex offense. Such a significant broadening of the circumstances in which [the Ninth Circuit has] permitted pseudonymity is contrary to [the] long-established policy of upholding the public's common law right of access to judicial proceedings and contrary to [the] requirement that pseudonymity be limited to the unusual case.

524 F.3d at 1013 (citations and internal quotation marks omitted).

Nonetheless, the basis for plaintiff's motion is distinguishable from that in *Stoterau*. Whereas Stoterau requested a pseudonym solely on the basis of the nature of his conviction, plaintiff here relies on both the nature of his conviction and the instant action, a constitutional challenge with the potential for publicity. Stoterau sought anonymity in appealing his sentence, the self-same proceedings classifying him as a sex offender; here, Doe seeks it in a separate challenge. In contrast to Stoterau, Doe seeks not to "conceal[] the fact that [he] was convicted of" a sex crime, *id.*, but rather to conceal his participation in the instant suit. Because it cannot be said that all, substantially all or even a majority of sex offenders participate in constitutional challenges, Doe does not run afoul of *Stoterau*'s unusualness requirement.

On the instant, mixed record and at this stage of the proceedings, the court finds plaintiff has demonstrated minimal necessity to proceed under a pseudonym.

2. Prejudice to the Opposing Party

The second factor the court must weigh is prejudice to the opposing party. In doing so, the court must "determine the precise prejudice at each stage of the proceedings" because the "balance . . . may change as the litigation progresses." *Advanced Textile*, 214 F.3d at 1068–69. Here, the parties are in the nascent stages of litigation. Plaintiff filed the action on July 17, 2013, and defendant answered on August 27, 2013. A scheduling conference has been calendared for December 12, 2013, and discovery has not yet begun.

6

Defendant argues it will suffer prejudice if plaintiff proceeds under a pseudonym. In the course of litigation, defendant "will be required to conduct discovery relating to the allegations in the Complaint and . . . Plaintiff's Declaration," and "[s]uch discovery will necessarily include third party witnesses and entities." Def.'s Mot. for Recons. 6, ECF No. 16-1 (Mot.). However, if plaintiff's identity is protected, defendant "will not be able to interview Plaintiff's neighbors, employers, business associates and others." *Id.* As such, defendant "cannot reasonably conduct discovery . . . [without] reveal[ing] Plaintiff's true identity to third parties with discoverable information." *Id.* at 7.

At argument, defendant conceded that requiring third parties to agree to a protective order once discovery begins would offset if not eliminate any prejudice. At this pre-discovery stage, however, the court need not yet consider the prejudice defendant will suffer during discovery. *See Advanced Textile*, 214 F.3d at 1072 ("[A]t some later point in the proceedings it may be necessary to reveal plaintiffs' identities to defendants . . . . At present, however, discovery is stayed . . . . Thus, at present defendants suffer no prejudice by not knowing the names of plaintiffs."). Rather, the relevant prejudice is that which defendant presently suffers as a result of plaintiff's anonymity. Defendant has identified no such prejudice. This factor does not weigh against allowing anonymity.

### 3. The Public Interest

The final factor to weigh is the public interest. As noted above, "the public's common law right of access to judicial proceedings" is firmly established and creates a presumption against anonymity. *Id.* at 1067 (citing *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 598–99 (1978); *EEOC v. Erection Co.*, 900 F.2d 168, 169 (9th Cir. 1990)). Notwithstanding that presumption, the court must determine in each individual instance "whether the public's interest in the case would be best served by requiring that the litigants reveal their identities." *Id.* at 1068 (citation omitted). In certain situations, anonymity does not "obstruct public scrutiny of the important issues" in a case, and the public interest instead militates in favor of "seeing [the] case decided on the merits." *Id.* at 1072–73. Indeed, anonymity may "'serve the public's interest in [the] lawsuit by enabling it to go forward.'"

*Kamehameha*, 596 F.3d at 1043 (quoting *Advanced Textile*, 214 F.3d at 1073).  Further, the Supreme Court has approved the use of pseudonyms for litigants vindicating certain constitutional rights, though the contours of such use remain undefined.  *See generally Roe v. Wade*, 410 U.S. 113 (1973); *Doe v. Bolton*, 410 U.S. 179 (1973); *Poe v. Ullman*, 367 U.S. 497 (1961).

Here, plaintiff challenges defendant's sex-offender ordinance as violating the First, Fifth and Fourteenth Amendments, as well as the Ex Post Facto and Bill of Attainder Clauses of the United States Constitution.  Compl. ¶ 1, ECF No. 2.  He seeks both injunctive relief and damages, *id.* ¶ 56, and argues denial of anonymity will jeopardize "participation in this lawsuit," Pl.'s Decl. ¶ 14.

At the stage of the litigation, in light of the record before it, the court finds the public interest favors anonymity.  The issues presented are of constitutional dimension, and should be decided on the merits.  Plaintiff's identity appears to have no bearing on the resolution of the issues, and a pseudonym will not impede public access to the substance of the proceedings.  Further, permitting the use of plaintiff's status as a convicted sex offender to discourage constitutional challenges does not benefit the public interest.  This factor weighs in favor of anonymity.

B.  Waiver

Defendant also argues that, in failing to fully redact a publicly filed document, plaintiff has waived his right to proceed under a pseudonym.  The document in question is a declaration plaintiff filed on July 18, 2013 in support of his motion seeking leave to proceed under a pseudonym.  Although redacted in other respects, the declaration discloses the name of plaintiff's former business.  Defendant claims, on this basis, to have ascertained plaintiff's identity and thus argues waiver.

In arguing waiver, defendant emphasizes the ease with which it says it discovered plaintiff's identity through internet searches using the name of the business.  While defendant has offered to disclose its search results *in camera*, the court declines the offer.  Assuming a virtual trail leading from the business name to plaintiff, defendant's cited

authorities do not support a finding of waiver, even accepting defendant's argument that a finding of mootness is analogous to waiver. In defendant's cases, the finding is premised on disclosure of the moving party's actual identity, not potentially identifying information. *See Doe v. Word of Life Fellowship, Inc.*, No. 11-40077-TSH, 2011 WL 2968912, at *2 (D. Mass. July 18, 2011) (citing *Doe v. Univ. of R.I.*, 28 Fed. R. Serv. 3d 366, at *3 (D.R.I. 1993) (denying leave to proceed under pseudonym because moving party's identity was disclosed in prior litigation); holding motion to proceed under pseudonym was moot because moving party's identity had been disclosed to public agencies); *Doe v. Bell Atl. Bus. Sys. Servs. Inc.*, 162 F.R.D. 418, 422 (D. Mass. 1995) (holding motion to proceed under pseudonym was moot because moving party's identity had been disclosed in administrative proceedings).

Defendant's discussion of the right to privacy under the California Constitution is inapposite because that right is not at issue here. Even assuming the right to privacy is analogous to proceeding under a pseudonym, the case law holds there is no privacy interest where actual identity is revealed, not potentially identifying information. *See Buzayan v. City of Davis*, 927 F. Supp. 2d 893, 904 (E.D. Cal. 2013) (holding no violation of right to privacy where plaintiffs had disclosed names and addresses); *Giaccio v. City of N.Y.*, 502 F. Supp. 2d 380, 388 (S.D.N.Y. 2007) (holding no violation of right to privacy where plaintiff himself disclosed positive drug results and thus identity).

The court finds plaintiff has not waived the right to proceed anonymously.

III. CONCLUSION

Defendant's motion for reconsideration is GRANTED. Upon reconsideration, plaintiff's motion seeking leave to proceed under a pseudonym is GRANTED. The court's prior order, ECF No. 14, is superseded only as to the motion to proceed under a pseudonym, and not as to the motion to seal. The Clerk of the Court is directed to replace plaintiff's declaration in support of his motion, ECF No. 8-1, with the redacted version provided by plaintiff to the court on September 27, 2013.

IT IS SO ORDERED.

Dated: December 2, 2013.

_____
UNITED STATES DISTRICT JUDGE